*Law Offices of Isaac Nutovic*
*Proposed counsel to Debtor and Debtor in Possession*
*261 Madison Avenue, 26th Floor*
*New York, N. Y. 10016*
*(917) 922-7963*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                                               Chapter 11

      52 CHARLIE LLC,                                       Case No. 25-12915 (JPM)

                                   Debtor.
----------------------------------------------------------------x

## APPLICATION TO EMPLOY NORTHGATE REAL ESTATE GROUP AS THE DEBTOR'S REAL ESTATE ADVISOR

**TO THE HONORABLE JOHN P. MASTANDO**
**UNIITED STATES BANKRUPTCY JUDGE**

      52 Charlie LLC (the "Debtor"), the debtor and debtor-in-possession, as and for its application (the "Application")[1] for an order in the above-captioned chapter 11 case, substantially in the form attached hereto as Exhibit A, approving the retention of Northgate Real Estate Group ("Northgate"), as real estate advisor for the Debtor's property located at 52 Charlie Street, New York, New York (the "Property"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of this Application, the Debtor refers the Court and interested parties to the Declaration of Greg Corbin in Support of the Application (the "Corbin Declaration") attached hereto as Exhibit B, and further respectfully represents as follows:

---

[1] Capitalized terms used but not immediately defined herein shall have the meanings assigned to them elsewhere in the Application.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 327(a) of the Bankruptcy Code and Rules 2014 of the Bankruptcy Code.

## BACKGROUND

4. On December 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor remains in possession of its assets and continues to manage its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. No trustee or committee has been appointed in this case.

## RELIEF REQUESTED

7. By this Application, pursuant to section 327 of the Bankruptcy Code, the Debtor seeks to employ and retain Northgate as the real estate advisor for the Debtor's Property pursuant to the terms of Northgate's agreement with the Debtor (the "Retention Agreement"), attached hereto as Exhibit C. Considering the circumstances of this case, the Debtor requires the services of a skilled real estate advisor with extensive experience with real estate.

8. As the Debtor's real estate advisor for the Property, Northgate will assist in the proposed marketing and sale, refinancing, or other disposition of the Property. The Debtor believes Northgate's retention is necessary given the Debtor's need to sell or refinance the Property in a prompt, efficient and cost-effective manner.

## SERVICES TO BE RENDERED DURING THE CHAPTER 11 CASE

9. Pursuant to the terms of the Retention Agreement, Northgate will use its commercially reasonable efforts to, among other things, market and sell, arrange refinancing for, or otherwise dispose of the Properties on such terms as are acceptable to the Debtor. Northgate will negotiate the business terms of each purchase and sale agreement on behalf of the Debtor, subject to the Debtor's review and approval. Northgate will cooperate with other licensed real estate brokers representing purchasers subject to the terms of the Retention Agreement.

10. The services that will be rendered by Northgate in connection with the proposed engagement are not duplicative of the services to be performed by any of the Debtor's other retained professionals or advisors. The Debtor believes the foregoing services are critical to the success of the potential sale of the Property.

## NORTHGATE'S QUALIFICATIONS

1. As set forth in more detail in the Corbin Declaration, Northgate is well-suited to provide the real estate services required by the Debtor. Northgate is a licensed real estate broker in and by the State of New York with significant experience in the marketing and sale of real property. From 2019 to date, Northgate's brokers have been the top bankruptcy brokerage team in New York, and the Tri-State area, and arranged for the sale, workout, or recapitalization of 173 buildings, development sites, membership interests, or loans. These totaled approximately 5.8 million square feet, or BSF, with an aggregate asset/debt value of over $2,100,000,000.00. Northgate has been retained in a substantial number of bankruptcy cases and is well known in the real estate and legal communities. As a result, the Debtor believes Northgate will be able to effectively and efficiently market and dispose of the Property.

## PROFESSIONAL COMPENSATION

2. As detailed in the Retention Agreement, upon the sale of a Property, subject to review and approval by the Bankruptcy Court of a fee application by Northgate, Northgate will be paid an aggregate commission (the "Commission") which will be computed as follows:

Northgate will be paid a commission equal to five percent(5%) of the gross purchase price of the Property upon the occurrence of any of the following events:

i. Debtor enters into an agreement during the Term to sell, transfer or convey ownership of the Property in whole or in part, whether individually or as part of a package, or a sale of the Property at a bankruptcy auction, or other sale permitted by the bankruptcy court, such as a sale under Section 363 of the Bankruptcy Code or pursuant to a confirmed plan of reorganization, regardless of whether flic closing occurs after the expiration of the Term and regardless of whether the Debtor engages a different broker or advisor to close a transaction. The commission will be paid by the successful purchaser, in the form of a buyer's premium, separate from and in addition to the consideration (or gross purchase price) that the successful purchaser pays for the Property; or

ii. If a sale, exchange, or other conveyance of the Property or ownership or control of the Property is made or takes place within the "Additional Period" of one hundred and twenty (120) days after expiration of the Term to a Prospective Purchaser with whom Debtor had not reached an agreement during the Term, but with whom Northgate has negotiated concerning the Property, or to whose attention the Property has been brought by Northgate, or who was introduced to Debtor by Northgate during the Term, or to a credit bidder. For these purposes, a "Prospective Purchaser" shall include partnerships, joint ventures, limited liability

4

>companies, corporations, trusts or other similar entities which the prospective buyer represents, is involved with, or in which it holds an ownership, management, or beneficial interest, the commission will be paid by the Debtor.

For the avoidance of doubt, if Debtor enters into a contract for the sale of the Property, the result of which would entitle Northgate to a commission hereunder, and a higher or better offer is approved by the Bankruptcy Court, then regardless of who may be the successful purchaser, Northgate will be entitled to a commission pursuant to the terms of this Agreement, as, if and when the closing with the successful purchaser occurs, based on the successful purchaser's gross purchase price.

Notwithstanding the foregoing, if Lender is the successful purchaser by bidding all or a portion of its claim and closes on the purchase, Lender agrees to pay Northgate a commission equal to one percent (1%) if the price is less than $7 million and one and three quarters percent (1.75%) if the price is $7 million or more. If any assignee of Lender not affiliated with Lender is the successful purchaser and/or closes on the purchase of the Property, then the assignee must pay the buyer's premium equal to five percent (5%) of the gross purchase price for this property.

Should, during the Term, Debtor enter into an agreement to refinance, borrow against, restructure its existing obligations encumbering the Property, including debt or interest rate, and/or recapitalize the Property, in whole or in part, and/or ents into joint venture agreement relating to the Property, then Debtor will pay Northgate, at closing, a fee in an amount equal to five percent (5% ) of the aggregate amount of gross refinancing or restructured indebtedness, recapitalization, and/or joint venture investment received or obtained, or to be received or obtained by Debtor, as the case may be, regardless of when the closing of same takes place.

In the case of an alternate outcome other than a sale or refinancing of the Property, a flat fee for its services in the amount of twenty thousand dollars ($20,000), $10,000 to be paid by Debtor and $10,000 to be paid by the Lender, notwithstanding anything to the contrary contained herein.

3.  Thus, as more fully described in the Retention Agreement, Northgate is entitled to the following compensation under the Retention Agreement: (i) a 5% commission, if the Property is sold, (ii) a 2% commission if the secured creditor closes on a credit bid transaction, (iii) a 5% refinancing fee if the Property is refinanced, or (iv) in the case of an outcome other than a sale or a refinancing, a flat fee in the amount of $20,000.

4.  The Debtor seeks approval of the Retention Agreement pursuant to section 327(a) of the Bankruptcy Code. The terms of the Retention Agreement were negotiated in good faith and at arms-length between the Debtor and Northgate and reflect the Debtor's evaluation of the value and expertise of the work to be performed by Northgate.

## DISINTERESTEDNESS

5.  The Debtor seeks approval of the fee arrangement under the Retention Agreement and authority to retain and employ Northgate as its real estate advisor in connection with the sale or other disposition of the Property in this chapter 11 case under section 327(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code provides that a debtor "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties . . ." 11 U.S.C. § 327(a).

6.  To the best of the Debtor's knowledge, and as set forth in more detail in the Corbin Declaration, and subject to the disclosures made therein, Northgate (a) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by

section 1107(b) of the Bankruptcy Code, and (b) does not hold or represent an interest adverse to the Debtor or the Debtor's estate.

7.    Furthermore, except as disclosed in the Corbin Declaration, Northgate has indicated that based on the results of its research conducted to date, and to the best of its knowledge, neither it, nor any of its employee providing the services to the Debtor under the Retention Agreement, has any connection with the Debtor, any creditors of the Debtor's estate, or any other parties-in-interest or their respective attorneys and accountants, or other advisors, or the U.S. Trustee, or any person employed in the Office of the U.S. Trustee.

8.    Northgate is not owed any amounts by the Debtor as of the Petition Date and does not hold a claim against the Debtor's estate.  Northgate has indicated that if it discovers any information that is contrary to or pertinent to the statements made in the Corbin Declaration, it will promptly disclose such information to this Court, the Debtor and the U.S. Trustee.

9.    The Debtor has also been advised that Northgate has not agreed to share with any person or firm, other than its own principals and employees, the compensation to be paid by the Debtor for the professional services rendered in connection with this case.

**FEE APPLICATION REQUIREMENTS**

10.    The Debtor respectfully submits that inasmuch as Northgate's compensation is results oriented and directly related to benefits received by the Debtor's estate as a result of the transactions contemplated under the Retention Agreement, requiring Northgate to file detailed time records and periodic fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, and in compliance with Bankruptcy Rule 2016, and the Court's Administrative Orders governing guidelines for fees of professionals, is unnecessary under the circumstances.  The Debtor has been advised by Northgate that it is not its practice to keep

detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.

11. As set forth herein, Northgate is being retained and will be employed by the Debtor to perform a highly specialized and discrete task and, accordingly, will not be compensated based upon time expended. Instead, Northgate will be compensated based on a percentage of the proceeds of any final transaction consummated in connection with the Property or a negotiated flat fee. Requiring Northgate to record and submit detailed time entries in light of the nature of the services to be rendered by Northgate and the percentage-based fee or fixed fee proposed under the Retention Agreement would be unduly burdensome to Northgate. The Debtor further acknowledges and agrees that the ultimate benefit to the Debtor's estate from Northgate's services likely could not be measured merely by reference to the number of hours to be expended by Northgate's professionals in the performance of such services. Accordingly, the Debtor requests that Northgate be relieved of the requirement to maintain detailed time records in any fee application filed by Northgate.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A approving the retention of Northgate as real estate advisor and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 31, 2025

        LAW OFFICES OF ISAAC NUTOVIC,
        Proposed Attorneys for Debtor

        By: s/Isaac Nutovic
           Isaac Nutovic, Esq.
        261 Madison Ave, 26th Floor
        New York, New York 10016
        Tel: (917) 922-7963