# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                           :        Chapter 11
                                                :
      52 CHARLIE LLC                   :        Case No. 25-12915 (JPM)
                                                :
                        Debtor.          :
------------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION OF NORTHGATE REAL ESTATE GROUP AS REAL ESTATE ADVISOR PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(A)

Upon the application (the "Application")[1] of 52 Charlie LLC, the above captioned debtor (the "Debtor"), for an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to retain Northgate Real Estate Group ("Northgate"), as real estate advisor for the Debtor's property 52 Charles Street, New York, New York (the "Property") all as more fully set forth in the Application; and upon the Declaration of Greg Corbin (the "Corbin Declaration"), annexed to the Application as Exhibit B; and it appearing that the Court has jurisdiction to consider the Application and the relief requested herein; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied based on the representations made in the Application and the Corbin Declaration that Northgate is a "disinterested" person with the meaning of sections 101(14) and 327(a) of the Bankruptcy Code; and that the relief requested in the Application is in the best interests of the Debtor, its creditors, and all parties-in-interest; and it appearing that due and appropriate notice of the Application has been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation; and sufficient cause appearing therefore,

1

**IT IS HEREBY ORDERED**, that

1. The Application is granted to the extent set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtor is hereby authorized to employ and retain Northgate as its real estate advisor on the terms set forth in the Application, the Corbin Declaration, and the Retention Agreement annexed as Exhibit C to the Application.

3. To the extent the Application, the Retention Agreement or the Corbin Declaration is inconsistent with this Order, the terms of this Order shall govern.

4. Northgate shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, the Local Rules of this Court and the Guidelines of the Office of the United States Trustee.

5. Notwithstanding anything to the contrary in the Retention Agreement or this Order, the rights of all parties-in-interest to raise any objections to fee applications filed by Northgate are expressly preserved, including the objections of the United State Trustee to payment of a fee under the Retention Agreement that is not based on a sale.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

_____
UNITED STATES BANKRUPTCY JUDGE

---

1 Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.