*LAW OFFICES OF ISAAC NUTOVIC*
*Proposed Counsel for the Debtor*
*261 Madison Ave, 26th Floor*
*New York, NY 10016 Telephone:*
*(917) 922-7963*
*inutovic@nutovic.com*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re:

                                                     Chapter 11

    52 CHARLIE LLC,

                                                     Case No.: 25-12915 (JPM

                          Debtor.
------------------------------------x

### APPLICATION IN SUPPORT OF AN ORDER AUTHORIZING THE RETENTION OF THE LAW OFFICES OF ISAAC NUTOVIC AS COUNSEL FOR THE DEBTOR

TO THE HONORABLE JOHN P. MASTANDO
UNITED STATES BANKRUPTCY JUDGE

      The application of the Law Offices of Isaac Nutovic ("**Firm**") on behalf of 52 Charlie LLC the above-referenced debtor ("**Debtor**"), for an order authorizing its retention as counsel, respectfully sets forth and alleges:

      1.      On December 29, 2025, ("**Petition Date**"), the Debtor filed a voluntary petition seeking an Order for relief under the protective provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. ("**Bankruptcy Code**").

      2.      The Debtor owns a property located at 52Charles Street, New York, New York (the "Property") encumbered by a mortgage in favor of 52 Charles Street Lending LLC (the "Lender") in the approximate amount of $8 million. Development of the Property was halted mid-construction. 100% of the Debtor's membership interests were originally owned by Jacob Frumkin who passed away on February 3, 2025.

      3.      After efforts to sell the Property at a price acceptable to the mortgage holder were unsuccessful and faced with the possibility of a mortgagee foreclosure proceeding, the

Debtor, with the support of the Lender, has filed this case with the intention of conducting an auction sale on an expedited basis.

4. The Debtor continues to manage his affairs as debtor and debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No official committee of unsecured creditors or other statutory committee and no trustee has been appointed in this case.

### JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

6. By this Application, the Debtor seeks to employ Law Offices of Isaac Nutovic as its bankruptcy counsel.

7. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 134. Venue in this District is proper pursuant to 28 U.S.C. § 1408.

8. The statutory predicates for the relief sought herein are Section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Rule 2014-a of the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

9. The Debtor requires the services of the Firm, *inter alia*, to: (a) assist in the administration of this Chapter 11 proceeding, (b) prepare or review operating reports, (c) set a bar date, (d) file a motion to sell its property (e) review claims and resolve claims which should be disallowed, (f) defend lift stay motions, (g) draft a plan of reorganization including all exhibits and schedules thereto, and (h) confirm a Chapter 11 plan, and (i) all other services necessary to confirm a plan.

10. The Firm will make an application for compensation, with full disclosure. The Firm received a retainer payment of $70,000 prior to the Petition Date exclusive of the filing fee. The Firm has agreed that it will not seek fees beyond the retainer amount. No additional fees (other than a court filing fee) were received in relation to the bankruptcy.

11. The Firm is billing the Debtor at the following rates: $650 per hour for attorney time; and $200 per hour for paralegal or legal assistant time.

12. The Debtor has selected the Firm for the reason that it is experienced in Chapter 11 cases such as the present case. It is submitted that the Firm is qualified to represent the Debtor.

## THE FIRM IS DISINTERESTED

13. As set forth in the accompanying Nutovic Declaration, the Firm is disinterested within the meaning of section 327 of the Bankruptcy Code.

14. Bankruptcy Code Section 327(a) provides in relevant part that a debtor, "with the court's approval, may employ one or more attorneys, accountants, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons    "

15. A "disinterested person," as the term is defined in Bankruptcy Code Section 101(14) means a person that:

> [D]oes not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor , or for any other reason.

16. Rule 2014(a) of the Federal Rules of Bankruptcy Procedure sets forth the requirements for any professional that seeks to be employed pursuant to Section 327(a). Rule 2014(a) provides as follows:

> (a) Application for an order of employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to 327. . . shall be made only on application of the trustee or committee. The application shall be filed and a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The

application shall be accompanied by a verified statement of the person to be employed setting forth the person's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

17.     It is submitted that the Firm is disinterested. It has no interest adverse to the Debtor or any other party in interest. See In re Kliegl Bros. Universal Elec. Stage Lighting Co., 189 B.R. 874 (Bankr. E.D.N.Y. 1995). Moreover, the Firm has made the requisite showing required by the Bankruptcy Rule 2014(a).

18.     Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that the requirement of filing a memorandum of law be waived.

**WHEREFORE**, the Debtor respectfully requests that this Court enter the order, in the form annexed hereto, authorizing the Firm to act as counsel to the Debtor, with compensation for such legal services to be paid upon application to this Court, and that it have such other and further relief as is just and proper.

Dated:   New York, New York
         December 31, 2025                         LAW OFFICES OF ISAAC NUTOVIC

                                                   ____/s/ Isaac Nutovic____
                                                   Isaac Nutovic
                                                   261 Madison Ave, 26th Floor
                                                   New York, NY 10016
                                                   Telephone: (917) 922-7963
                                                   email: inutovic@nutovic.com

                                                   *Proposed Attorneys for Debtor*