*Isaac Nutovic, Esq.*
*LAW OFFICES OF ISAAC NUTOVIC*
*261 Madison Avenue, 26th Floor*
*New York, New York 10016*
*(917) 922-7963*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 52 CHARLIE LLC, | Case No. 25-12915 (JPM) |
| Debtor. | |

-----------------------------------------------------------------x

**DECLARATION AND DISCLOSURE STATEMENT PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328(a), 329 AND 504 AND F. R. BANKR. P. 2014 AND 2016 IN SUPPORT OF APPLICATION TO RETAIN LAW OFFICES OF ISAAC NUTOVIC AS ATTORNEYS FOR THE DEBTOR**

ISAAC NUTOVIC, declaring under penalty of perjury pursuant to 28 U.S.C. §1746, states as follows:

1.  I am a principal of the Law Offices of Isaac Nutovic which maintain offices for the practice of law at 261 Madison Avenue, 26th Floor, New York, New York 10016. I am admitted to practice before the highest court of the State of New York and, among others, the United States District Courts and the United States Bankruptcy Courts for the Southern and Eastern Districts of New York and the Second and Third Circuit Courts of Appeals.

2.  I make this declaration in support of the application of 52 Charlie LLC (the "Debtor"), debtor and debtor-in-possession herein, (the "Application") to retain Law Offices of Isaac Nutovic (the "Firm") to represent it as debtor and debtor-in-possession as attorneys under a general retainer, at the Firm's normal hourly rates in effect from time to time and in accordance with their

1

normal reimbursement policies, and to provide disclosure required under the Bankruptcy Rules. I have personal knowledge of the facts herein.

3.  Neither I, nor any member, counsel or associate in my firm, insofar as I have been able to ascertain, have any connection with the Debtor, its creditors or any other party in interest in this case, or their respective attorneys and accountants".

4.  Neither I nor any associate in the Firm, insofar as I have been able to ascertain, represents any interest adverse to the Debtor herein or its estate in the matters upon which the Firm is to be engaged.

5.  I believe that the Law Offices of Isaac Nutovic is a "disinterested person" within the meaning of 11 U.S.C. §§101(14) and 327(a). To check for conflicts, I reviewed a database of substantially all clients previously served by the Firm which revealed no connection to the Debtor, any of its creditors, the United States Trustee's, any person employed in the Office of the United States Trustee, the Bankruptcy Judge assigned to this case or any personnel which are listed on the Court's website as assigned to his chambers.

6.  The Debtor has agreed to compensate the Firm at its usual hourly rates for services rendered in connection with this case and to reimburse the Firm for expenses, charges and disbursements made in connection therewith, all upon proper application to this Court. The hourly rates to be charged are as follows:

        Isaac Nutovic, Esq.        $650/hr
        Paralegals        $200/hr

7.  Hourly billing rates will not change during the course of this representation of the Debtor.

8.      On December 11, 2025, the Firm received a wire transfer of $71,238 which originated from an account maintained by the Estate of Jacob Frumkin which is acting through co-executors Christine Frumkin and Sam Frumkin (the "Co-executors"), who are represented by counsel. The Firm represents that it will be taking direction in this case only from authorized representatives of the Debtor and no other person. At the time of filing no money was owed to Firm by Debtor, or any funds that were owed were waived. Firm will maintain records of services rendered in connection with the case and will file fee applications for approval of fees and costs by the Court. The Firm has agreed that it will not seek compensation for fees beyond the amount of the retainer received, that any unused portion of the retainer will be refunded to the Estate and that the Firm may seek additional amounts for reimbursement of expenses.

9.      The Firm has not shared nor agreed to share any portion of the compensation received in this case with any other person.

10.      The Firm has not received any other payment in this case, nor has it made any agreement for compensation in connection with this case, except as herein disclosed. The Firm reserves the right to make application to this Court for additional compensation as may be proper and warranted.

11.      In the interests of full disclosure, Counsel reports the following additional facts:

Arbel Capital Advisors LLC was retained by the co-executors to steer this case through this bankruptcy proceeding. The principal of the Manager, Ephraim Diamond, is related to counsel by an attenuated relationship by marriage. Specifically, my father was married to Mr. Diamond's great-aunt. Case law in this state, <u>In re Olympia Office LLC</u>, 562 B.R. 8

3

(Bankr. E.D.N.Y. 2017) holds that first cousins are not relatives within the meaning of section 101(45) of the Bankruptcy Code; the relationship between myself and Mr. Diamond is further removed. I have no financial or professional relationship with the Manager or Mr. Diamond, do not represent Mr. Diamond or the Manager in any capacity, and have no interest that is adverse to the Debtor or the estate. Neither the Manager nor Mr. Diamond holds any equity interest in the Debtor, or are creditors of the Debtor, and neither have any economic stake in the outcome of this case beyond ordinary employment.

Dated: January 6, 2026

                                                *s/Isaac Nutovic*
                                                Isaac Nutovic