UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re:                                                                          Chapter 11

    52 CHARLIE LLC,                                               Case No.: 25-12915 (JPM)

                Debtor.
----------------------------------------X

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND MANNER OF NOTICE THEREOF

Upon the Application (the "<u>Application</u>") of 52 Charlie LLC, the debtor and debtor-in-possession herein (the "<u>Debtor</u>"), for an order pursuant to the Federal Rule of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") 3003(c)(3), fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof; and it appearing that the relief requested is in the best interests of the Debtor, its estate, and its creditors; and it appearing that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor; it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities (including without limitation, individuals, partnerships, corporations, joint ventures and trusts) that can assert a claim, as defined in § 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), against the Debtor that arose prior to the filing of the Chapter 11 petition on December 29, 2025 shall file a proof of such claim in writing such that it is received on or before _____, (the "<u>Bar Date</u>"); and it is further

**ORDERED**, that notwithstanding any other provision to the contrary herein, proofs of claim filed by governmental units must be filed on or before _____, ; and it is further

**ORDERED**, that the following procedures for filing proofs of claim shall apply:

    a) Proofs of Claim must conform substantially to Official Bankruptcy Form No.

    B 410;

b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) shall file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts for the CM/ECF system shall file their proofs of claim by either (i) going onto the Court's website at www.nyeb.uscourts.gov and using the Court's Electronic Proof of Claim ("ePOC") system, or (ii) mailing or delivering the original proof of claim to the Clerk of the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Bankruptcy Courthouse, 271 Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800;

c) Proofs of Claim will be deemed timely filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date; and

d) Proofs of Claim must: (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency; and

e) Proofs of claim shall specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, the holder shall file a separate proof of claim form for each Debtor; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or before the Bar Date:

a) Any person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. B 410;

b) Any person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "Schedules") [Docket. Entry No. 1] if (i) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated"; <u>and</u> (ii) you agree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) you do not dispute that your claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c) Any holder of a claim that has already been allowed by order of the Court;

d) Any holder of a claim for which specific deadlines have previously been fixed by this Court; or

      e) Any holder of a claim by the Debtor's retained professionals allowable under Bankruptcy Code §§ 503(b), 507(a), and 1103 as an expense of administration of the Debtor's estate; and it is further

**ORDERED**, that any person or entity holding a claim that arises from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of this Order must file a proof of claim based on such rejection on or before the later of (i) the Bar Date or (ii) the date that is thirty (30) days after the date of the order authorizing such rejection; and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease as to which an order authorizing such rejection is dated after the date of this Order must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtor's assets need not file proofs of interest with respect to the ownership of such equity interests, but if any such holder has a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of the equity interest), a proof of such claim shall be filed on or prior to the Bar Date; and it is further

**ORDERED**, that if the Debtor amends or supplements the Schedules after the date of this Order, the Debtor shall give notice of any amendment or supplement to the holders of claims amended thereby, and any holders of such claims shall have thirty (30) days from the date of such notice to file proofs of claim, and they shall be given notice of that deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses against any claim listed in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), a holder of a claim that fails to

comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for purposes of voting and distribution; and it is further

**ORDERED**, that notice of the Bar Date substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

a) The United States Trustee;

b) All persons or entities that have appeared in these proceedings and have requested notice of the proceedings in this case;

c) All persons or entities that have filed claims in this case;

d) All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed on the Debtor's Schedules as holding claims;

e) All parties to executory contracts and unexpired leases of the Debtor;

f) All parties to litigation with the Debtor;

g) The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j); The Securities and Exchange Commission; and any other required governmental units;

and it is further

**ORDERED**, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be forever barred from doing so.

Dated: New York, New York
       January____, 2026

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE