UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 52 CHARLIE LLC, | : | Case No.: 25-12915 (JPM) |
| | : | |
| Debtor. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUPPLEMENTAL DECLARATION OF GREG CORBIN
ON BEHALF OF NORTHGATE REAL ESTATE GROUP**

GREG CORBIN declares as follows pursuant to 28 U.S.C. § 1746:

1. I am the President of Northgate Real Estate Group ("Northgate"), a New York Corporation with offices at 1633 Broadway, 46th Floor, New York, New York 10019. Northgate is a real estate brokerage and advisory firm with a specific focus on bankruptcy, restructuring, foreclosures, loan sales, and workouts.

2. I respectfully submit this Supplemental Declaration in further support of the Application (the "Application") [ECF No. 3] of 52 Charlie LLC (the "Debtor") to employ Northgate as its real estate advisor for the Debtor's real property located at 52 Charlie Street, New York, New York (the "Property").

3. Unless otherwise stated, the facts set forth herein are based on my personal knowledge, information, and belief.

4. My declaration dated December 31, 2025 annexed as Exhibit B to the Application is incorporated herein by reference. I make this Supplemental Declaration to disclose Northgate's connection with Ephraim Diamond, the managing member of Arbel Capital Advisors LLC ("Arbel"). The Debtor appointed Arbel as the non-member manager of the Debtor, and appointed Mr. Diamond as the Debtor's chief restructuring officer ("CRO").

5. Arbel and Mr. Diamond were the CRO of Apex North Broad LLC ("Apex"), a debtor in a chapter 11 case in the United States Bankruptcy Court for the District of New Jersey, case no. 23-16137. Apex retained Northgate as its real estate advisor in its chapter 11 case, and Northgate's retention was approved by order entered on November 6, 2023.

6. Mr. Diamond was the CRO of WALSAM 316 LLC ("WALSAM"), a debtor in a chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, case no. 24-11231-mew. WALSAM retained Northgate as its real estate broker in its chapter 11 case, and Northgate's retention was approved by order entered on November 15, 2024.

7. Mr. Diamond was the CRO of Winta Asset Management LLC ("Winta"), a debtor in a chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, case no. 24-10848-mew. Winta retained Northgate as its real estate advisor in its chapter 11 case, and Northgate's retention was approved by order entered on September 11, 2024.

8. The debtors of the jointly-administered chapter 11 cases pending under the lead case of Urban Commons 2 West LLC, case no. 22-11509-pb (collectively, the "Urban Commons Debtors") retained Rosewood Realty Group ("Rosewood") and Newmark & Company Real Estate, Inc. ("Newmark") as co-brokers and advisors to the Urban Commons Debtors. I was formerly the President of Bankruptcy and Restructuring at Rosewood from 2019 to 2023. The court approved the joint retention of Rosewood and Newmark on January 1, 2023. A year later, the Urban Commons Debtors moved to appoint Mr. Diamond as the debtors' substitute independent manager. By order entered on January 17, 2024, the court approved the employment of Mr. Diamond as substitute independent manager of the Urban Commons Debtors.

9. Although Mr. Diamond was not involved in the selection and retention of Rosewood as the joint real estate advisors to the Urban Commons Debtors, I make this disclosure

out of an abundance of caution because Mr. Diamond was involved in the Urban Commons Debtors' chapter 11 cases.

10. Except as set forth herein, to the best of my knowledge insofar as I have been able to ascertain after reasonable inquiry and relying upon the procedures employed by Northgate to identify potential relationships, Northgate: (a) does not hold any interest materially adverse to the Debtor's estate; (b) has no connection with the Debtor, its creditors or other parties in interest herein; and (c) is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).

11. Except as set forth herein, neither I nor the professionals of Northgate working on this engagement, to the best of my knowledge after reasonable inquiry, have any relationship with the Debtor, the United States Bankruptcy Judge assigned to this chapter 11 case, the U.S. Trustee, or any persons employed by the U.S. Trustee. Northgate did not enter into any pre-petition agreement with the Debtor.

12. I do not believe that Northgate is a "creditor" with respect to any fees and expenses of the Debtor within the meaning of Bankruptcy Code section 101(10). Further, neither I nor any other member of the Northgate team serving the Debtor, to the best of my knowledge, is a holder of any outstanding debt instrument of the Debtor.

13. Consequently, to the best of my knowledge, Northgate is "disinterested" as that term is defined in Bankruptcy Code section 101(14) as modified by Bankruptcy Code section 1107(b), because:

   i. neither of Northgate, nor any professional at Northgate working on this engagement is or was a creditor, equity security holder, or insider of the Debtor;

   ii. neither of Northgate nor any professional at Northgate working on this engagement is or was, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor; and

      iii.    Northgate has no interest materially adverse to the interests of the estate or of any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor.

14.    If Northgate discovers additional information requiring disclosure, Northgate will file supplemental disclosures with the Court as promptly as possible. Northgate further understands that it has a duty to continue to check for conflicts and connections, and in the event any new facts or relationships subsequently are discovered during the pendency of this case, Northgate will supplement this Corbin Supplemental Declaration and file the same with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: New York, New York
       January 21, 2026

                                              */s/ Greg Corbin*
                                               Greg Corbin