*Law Offices of Isaac Nutovic*
*Proposed counsel to Debtor and Debtor in Possession*
*261 Madison Avenue, 26th Floor*
*New York, N. Y. 10016*
*(917) 922-7963*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| 52 CHARLIE LLC | : | 25-12915 (JPM) |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------------x

**SUPPLEMENTAL DISCLOSURE DECLARATION OF EPHRAIM DIAMOND**

Ephraim Diamond declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I, through my company, Arbel Capital Advisors LLC, have been designated the Manager of 52 Charlie LLC (the "Debtor"). I make this statement based on my review of the Debtor's information, due inquiry of corporate records available to me and communications with agents of the Debtor.

2.      The Debtor is a New York limited liability corporation. Its sole significant asset is a property located at 52 Charles Street, New York, New York (the "Property").

3.      100% of the Debtor's membership interests were originally owned by Jacob Frumkin who passed away on February 3, 2025. In March of 2025, the duly appointed co-executors of his estate entered into an exclusive brokerage agreement with Compass RE NY, LLC ("Compass") to sell the Property. With respect to offers made for the Property while the exclusive agreement was in effect, but agreed to in a 90 day period (the "Tail Period") after the exclusive agreement ended, the agreement required a brokerage commission being paid to Compass.

4.      While Compass' exclusive agreement was in effect, Adam Glick made an offer for the Property which was not accepted.

5. After Compass' exclusive agreement expired, the Debtor, after consultation with the Debtor's lender, 52 Charles Street Lending LLC, determined to commence a bankruptcy proceeding and to retain Northgate Real Estate Group ("Northgate") to conduct an auction sale of the Property. Because at the time the retention agreement was still being negotiated the Tail Period was still in effect, the original retention agreement with Northgate reflected Compass' right to receive a commission if Glick became the purchaser. For various reasons there were delays in filing this bankruptcy case and by then the Compass Tail Period had expired. As a result, the provision relating to a shared commission with Compass has been eliminated from the Northgate retention agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: January 21, 2026
New York, New York

/s/ *Ephraim Diamond*
Ephraim Diamond