**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                     :      Chapter 11
                                                          :
            52 CHARLIE LLC                                :      Case No. 25-12915 (JPM)
                                                          :
                              Debtor.                     :
---------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION OF NORTHGATE REAL ESTATE GROUP AS REAL ESTATE ADVISOR PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(A)

Upon the application (the "Application")[1] of 52 Charlie LLC, the above captioned debtor (the "Debtor"), for an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to retain Northgate Real Estate Group ("Northgate"), as real estate advisor for the Debtor's property 52 Charles Street, New York, New York (the "Property") all as more fully set forth in the Application; and upon the Declaration of Greg Corbin (the "Corbin Declaration"), annexed to the Application as Exhibit B; and upon the Supplemental Declaration of Greg Corbin (the "Supplemental Corbin Declaration"); and it appearing that the Court has jurisdiction to consider the Application and the relief requested herein; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied based on the representations made in the Application, the Corbin Declaration, and the Supplemental Corbin Declaration that Northgate is a "disinterested" person with the meaning of sections 101(14) and 327(a) of the Bankruptcy Code; and that the relief requested in the Application is in the best interests of the Debtor, its creditors, and all parties-in-interest; and it

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

1

appearing that due and appropriate notice of the Application has been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation; and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED**, that

1. The Application is granted to the extent set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtor is hereby authorized to employ and retain Northgate as its real estate advisor on the terms set forth in the Application, the Corbin Declaration, the Supplemental Corbin Declaration and the Retention Agreement annexed as Exhibit C A to the Application this Order, except as modified herein.

3. To the extent the Application, the Retention Agreement Any commission, fee or the Corbin Declaration is inconsistent with this Order, the terms of this Order shall govern.

4.3. Northgate shall seek compensation for its services and expense reimbursement of its expenses upon application to the which Northgate is entitled must be approved by the Bankruptcy Court, and upon after notice and a hearing, pursuant to 11 U.S.C. §§ based upon the filing of a fee application in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and the Guidelines of the Office of the United States Trustee, any applicable fee guidelines, and applicable law. For the avoidance of doubt, Northgate shall be required to demonstrate the reasonableness of all requests for compensation and reimbursement of expenses.

4. To the extent of the Retention Agreement's flat and percentage-based fee structure, Northgate is excused from keeping detailed time entries and filing interim fee applications; provided however, that Northgate shall file a final fee application for review by the Court and parties in

2

interest pursuant to section 330 of the Bankruptcy Code for the applicable services provided and documented and reasonable out of pocket disbursements incurred, which fee application shall include a general description of the work performed, the Northgate professionals performing the work, and an estimate of the hours spent, per month, on any advice rendered in connection with any financing, re-financing, recapitalization, joint venture arrangement, or similar transaction other than a sale of the Property or ownership interests of the Property; provided, further, that the United States Trustee and any other party in interest shall retain its right to review such final fee application under section 330 of the Bankruptcy Code.

5.  Notwithstanding anything to the contrary contained in the Retention Agreement or this Order, the ~~rights of all parties-in-interest to raise any objections to fee applications filed by Northgate are expressly preserved, including the objections of the~~ United ~~State~~States Trustee ~~to payment of a fee under~~ and parties-in-interest do not waive their rights to object to any application by Northgate for minimum compensation in the amount of $20,000 under Paragraph 3 of the Retention Agreement on any grounds.

6.  Northgate's right to reimbursement for out-of-pocket expenses under Paragraph 5 of the Retention Agreement ~~that is not based on a sale~~shall be capped at $5,000, which reimbursement shall be subject to this Court's approval, upon proper documentation and the filing of a fee application, in accordance with the provisions herein.

7.  If any new facts or relationships relevant to this retention should arise or are subsequently discovered by Northgate, Northgate will promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a).

8.  No agreement or understanding exists between Northgate and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for

3

<span style="color:red">services rendered in connection with this case, nor shall Northgate share or agree to share compensation received for services rendered in connection with this case with any other person other than as permitted by Section 504 of the Bankruptcy Code.</span>

<span style="color:red">9.    In the event that the Debtor and Northgate agree to extend the term of the retention, the Debtor shall promptly file a notice with the Court disclosing same.</span>

<span style="color:red">10.    Notwithstanding anything to the contrary in the Retention Agreement: (a) any provisions limiting Northgate's liability contained in the Retention Agreement shall not apply; (b) any provisions releasing Northgate and its partners, principals, directors and employees and affiliates contained in the Retention Agreement shall not apply in the case of its and/or their own bad-faith, self-dealing, fraud, breach of fiduciary duty (if any), gross negligence or willful misconduct; and (c) any provisions contained in the Retention Agreement that purports to limit or restrict the time-period in which an action can be brought by the Debtor or its estate against Northgate or its partners, principals, directors and employees and affiliates shall not apply.</span>

<span style="color:red">11.    The following terms of engagement are hereby modified and restated in their entirety (as applicable to the Retention Agreement):</span>

<span style="color:red">i.    All requests for payment of indemnity, contribution or reimbursement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court and the United States Trustee to ensure that payment of such indemnity, contribution or reimbursement conforms to the terms of the Retention Agreement (as modified and restated by this Order) and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity, contribution or reimbursement is sought;</span>

<span style="color:red">ii.    In the event that Northgate seeks reimbursement from the Debtor for attorneys' fees in connection with a request for payment of indemnity, contribution or reimbursement solely pursuant to the Retention Agreement (as modified and restated by this Order), the invoices and supporting time records from such attorneys shall be included in Northgate's application (interim or final as the case may be) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the</span>

4

standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

12. Northgate shall not be entitled to reimbursement by the Debtor for any fees, disbursements and other charges of Northgate's counsel other than those incurred in connection with a request by Northgate for payment of indemnity.

13. In no event shall Northgate be entitled to indemnification, contribution, exoneration, reimbursement of attorneys' fees or expenses, limitation on liability or allocation or apportionment of damages, with respect to a claim or expense to the extent the Court determines by final order that the indemnification, contribution or reimbursement on account of such claim or expense has resulted from the fraud, bad-faith, self-dealing, breach of fiduciary duty, gross negligence or willful misconduct on the part of Northgate and/or its employees.

14. Notwithstanding any provision to the contrary in the Retention Agreement, upon a conversion of this case to a case under chapter 7 or the appointment of a chapter 11 trustee, the rights of all parties under Paragraph 19 of the Retention Agreement are reserved.

15. To the extent the Application, the Retention Agreement, the Corbin Declaration or the Supplemental Corbin Declaration is inconsistent with this Order, the terms of this Order shall govern.

~~5.~~16. The Debtor is authorized to take all actions necessary to effectuate the retention of Northgate pursuant to this Order.

~~6.~~17. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

_____
_____

5

Dated: New York, NY
[ ], 2026

_____
UNITED STATES BANKRUPTCY JUDGE