UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
    52 CHARLIE LLC,                                 :    Case No. 25-12915 (JPM)
                                                    :
                        Debtor                      :
-------------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION OF THE
LAW OFFICES OF ISAAC NUTOVIC AS BANRUPTCY COUNSEL**

Upon the application (the "**Application**"),[1] dated January 6, 2026 [Dkt. No. 13], of the debtor, 52 Charlie LLC (the "**Debtor**"), for an order pursuant to section 327(a) of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") requesting authorization of the Debtor to retain the Law Offices of Isaac Nutovic ("**Firm**"), for representation in this Chapter 11 case; and upon the declaration of Isaac Nutovic, Esq., annexed to the Application as Exhibit C [Dkt. No. 13-3]; and it further appearing that Firm represents no interest adverse to the Debtor or its creditors herein, and that its employment is necessary and in the best interest of the estate; and upon the Certificate of No Objection pursuant to Local Rule 9013-3, dated January 22, 2026 [Dkt. No. 20]; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY**:

**ORDERED**, that the Application is granted as set forth herein; and it is further

**ORDERED**, that pursuant to section 327(a) of the Bankruptcy Code, the Debtor is authorized to retain the Firm in this case to provide the services set forth in the Application including: (a) assist in the administration of this Chapter 11 proceeding; (b) prepare or review operating reports; (c) set a bar date; (d) file a motion to sell its property; (e) review claims and resolve claims which should be disallowed; (f) defend lift stay motions; (g) draft a plan of reorganization including all exhibits and schedules thereto; (h) confirm a Chapter 11 plan; and (i)

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

1

all other services necessary to confirm a plan; and it is further

**ORDERED**, that the Firm shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, Local Rules and applicable law; and it is further

**ORDERED**, that the Firm shall apply any remaining amounts of its prepetition retainer as a credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to the Firm; and it is further

**ORDERED**, that prior to any increases in the Firm's rates for any individual retained by Firm and providing services in these cases, the Firm shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether Firm's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that no agreement or understanding exists between the Firm and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this case, nor shall the Firm share or agree to share compensation received for services rendered in connection with this case with any other person other than as permitted by section 504 of the Bankruptcy Code; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order and the Firm's retention, and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order and the Application, the terms of this Order shall govern.

Dated: January 23, 2026
      New York, New York

                                         /s/ John. P. Mastando III
                                         HONORABLE JOHN P. MASTANDO III
                                         UNITED STATES BANKRUPTCY JUDGE